IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV353-1-MU

JUDITH BARFIELD CARTER, )
)
    Petitioner, )
)
v. ) **O R D E R**
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
_____)

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed December 2, 2004.

For the reasons set forth below, and in Respondent's Motion for Summary Judgment, Respondent's Motion for Summary Judgment is granted and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is dismissed.

## PROCEDURAL HISTORY

On July 19, 2001, Petitioner was charged in a one-count Bill of Information with uttering forged and counterfeit securities between May 1998 and May 2001 in violation of 18 U.S.C. § 513(a). Pursuant to a plea agreement filed on July 19, 2001, Petitioner entered a plea of guilty to the charge contained in the information at her initial appearance on August 15, 2001. On August 20, 2002, Petitioner appeared with counsel before this Court for sentencing. After finding that Petitioner's plea was knowing and voluntary and that the pre-sentence report ("PSR") provided an adequate factual basis for the plea, this Court reserved acceptance of the plea agreement and

notified the parties that it was not going forward with the sentencing at that time because it was considering an upward departure based upon materials submitted by the victims that was outside the knowledge of Petitioner and the Government. The Court then directed that Petitioner and the Government be provided copies of these materials and directed that the Government file a motion for upward departure and that Petitioner file a response.

As ordered, the Government filed a motion for upward departure. Petitioner filed a response brief arguing that even if indirect or consequential damages, a four-year projection of loss revenues from lost clients, and damages to reputation were properly considered and reasonably estimated, they were not large enough to affect the Guidelines sentence or justify an upward departure.

At a second sentencing, held on November 19, 2002, this Court accepted Petitioner's plea but rejected the plea agreement. Subsequent to the presentation of evidence, arguments of counsel, a statement by Petitioner, and the unsworn testimony of two character witnesses, this Court announced that it would depart upward from an offense level of 18 to an offense level of 23. The Court stated its reason for an upward departure as follows:

> The reputation damage is real. This small CPA firm's never going to know how many people are not going to show up. It's clear from the evidence that they a – have and had a fairly specialized practice in working with medical clients. Those folks will talk to each other, so while there is no direct evidence as such, certainly the failure of any new medical providers to show up on the front door step for services rendered by Pierce Harrell indicate that there, in fact, has been some reputation damage and I so find.
>
> And there is also false statements made for the purpose of facilitating some other crime. This is likewise an encouraged factor for an upward departure under 2F1.1, commentary 11, or I guess that's an application note 11 rather, and that crime is to facilitate her son's continued participation in the illegal drug

2

> business either as a customer or actually we don't even know the
> extent of it. Nevertheless, she assisted in facilitating and
> continuing the distribution of drugs to her son, and that is
> considered a reason for an upward departure.

(Nov. 2002 Sent. Hearing Trans. p. 50). This Court then sentenced Petitioner to 54 months in prison and ordered Petitioner to pay $ 792, 520.21 in restitution to Cabarrus Radiologists; $ 111,748.95 to Lake Concord Condominium Association; and $ 30,000 to Medical Group Managers.

On December 16, 2002, Petitioner appealed her sentence to the United States Court of Appeals for the Fourth Circuit. On appeal Petitioner argued that (1) the district court abused its discretion in sentencing Petitioner to 54 months in prison pursuant to an upward departure and (2) the district court erred in departing upward based on factors for which it had not given prior notice. On July 31, 2003, the Fourth Circuit affirmed Petitioner's sentence. United States v. Carter, No. 02-5001, slip op. at 3 (4th Cir. July 31, 2003).

On July 22, 2004, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. In her Motion to Vacate Petitioner alleges: 1) she received ineffective assistance of counsel; 2) the district court violated her Fifth Amendment right by failing to give her prior notice of the grounds for the upward departure; and 3) the district court abused its discretion in departing upward five levels.

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner alleges that she received ineffective assistance for a number of reasons. Specifically, Petitioner alleges that counsel failed to advise her of the strong possibility of an upward departure. In addition, Petitioner alleges that her defense counsel failed to attend an

informal civil meeting with an investigator and failed to ensure that she received consideration for her cooperation with the FBI and local authorities. Finally, Petitioner alleges that her counsel failed: to clarify that she thought she was dealing with loansharks; to argue that the calculation of loss was incorrect; to request complete documents; to present letters written in support of her to the Court; and to challenge the Government's Motion for Upward Departure.

### A. Standard of Review

Petitioner's contention that she received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial."

4

Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

### B. Failure to Warn Her of Upward Departure Possibility

Petitioner alleges that her counsel was ineffective when "he failed to advise Petitioner as to the strong possibility of an upward departure even though the plea agreement specifically stated that none would be asked for." (Mot. to Vac. p. 1). Petitioner contends that she "was never told the government could change the plea agreement or dismiss it altogether." (Mot. to Vac. p. 7).

Petitioner's assertion that her counsel was ineffective for failing to tell her the Court could move of its own accord for an upward departure is unavailing. Petitioner's plea agreement specifically sets forth that "no recommendations or agreements by the United States are binding upon the Court." (Plea Agr. ¶ 2). In addition, her plea agreement set forth that she was aware "that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of a likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum." Id.

At her Plea Hearing Petitioner reaffirmed that she understood these provisions. She swore under oath that she understood that the Court had not yet determined her sentence under the sentencing guidelines. (Plea Hearing Trans. pp. 19-20). She also stated that she understood that in some circumstances she might receive a sentence that was higher or lower than that called for by the guidelines. (Plea Hearing Trans. p. 20). Petitioner also swore that she understood that if the sentence was more severe than she expected or the Court did not accept the Government's sentencing recommendations she would still be bound by her plea. (Plea Hearing Trans. pp. 20-21). Petitioner also swore under oath that no one had made her any promises of

leniency or a light sentence to induce her to plead guilty. (Plea Hearing Trans. p. 28). Petitioner also stated that she understood that she faced a statutory maximum sentence of ten years. (Plea Hearing Trans. p. 6).

Based upon the specific terms of her plea agreement and her responses under oath at her plea hearing,[1] this Court concludes that Petitioner was informed of the fact that she was not pleading to a precise sentence and that the Government's recommendations were not binding on the Court.[2] Consequently, at a minimum, Petitioner suffered no prejudice and her ineffective assistance of counsel claim on this basis is denied.

### C. Failure to Be Present at Civil Meeting

Petitioner also alleges that her attorney was ineffective when he failed to be present at a meeting set up by and attended by her civil attorney. (Mot. to Vac. pp. 5-6). Petitioner states that one of her defense counsel's partners accompanied her to the meeting for about an hour. Petitioner contends that during this meeting she stated that she had made her checks out to individuals who were drug dealers but that she did not clarify that she had only learned that these individuals were drug dealers after she was under investigation.

At a minimum, Petitioner fails to establish that she was prejudiced. While this Court

---

[1] In reaching a decision on this case the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); see also United States v. DeFusco, 949 F.2d 114,119 (4th Cir. 1991)(statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).

[2] The Court notes that nothing in the record exists to suggest that at the time of Petitioner's plea hearing Petitioner's counsel had any idea that this Court would request the Government to file an upward departure motion.

finds Petitioner's current contention that she believed she was paying loansharks rather than drug dealers unconvincing,[3] Petitioner herself admits in her affidavit that she knew that she was paying individuals to cover her son's drug debts. (Carter Aff. ¶ 10). The distinction between whether she was paying the drug dealers directly or whether she was paying the "loansharks" to enable her sons drug habit would not have been a relevant distinction for the upward departure determination. In either case, her actions were knowingly serving to facilitate the continued distribution of cocaine in Charlotte. Consequently, her present contention, even if revealed to the Court prior to sentencing, would not have had any impact on the upward departure imposed by this Court. Consequently, Petitioner cannot establish that she was prejudiced by her counsel's allege actions.

**D. Failure to Get the "Best Deal"**

Petitioner alleges that her attorney "was ineffective in his ability to zealously 'seek the best deal.'" (Mot. to Vac. p. 8). More specifically, Petitioner alleges that her attorney failed to follow through to ensure that she received a substantial assistance downward departure motion. Petitioner contends that her counsel "was well aware of the fact that as defense counsel, he was the one <u>required</u> to file a motion requesting that Government Counsel submit the request for reduction . . . " but did not do so. (Mot. to Vac. p. 9).

A § 5K1.1 motion may only be made by the Government. See U.S.S.G. § 5K1.1 ("[u]pon motion of the government stating that the defendant has provided substantial assistance . . . .").

---

[3] The Court notes that when Petitioner was given an opportunity to speak at her sentencing hearing, even though her payments to drug dealers had been discussed as a basis for the upward departure, she did not try to clarify her point at that time. (Nov. 2002 Sent. Hearing Trans. p. 57).

There is no obligation upon a defense counsel to make a motion to have the Government make a motion. Consequently, Petitioner's counsel was not ineffective for failing to file a motion requesting the Government to file a § 5K1.1 motion. Moreover, the Court notes that, as is typical, Petitioner's plea agreement left the determination as to whether assistance rendered by Petitioner was substantial to the sole discretion of the Government. (Plea Agr. ¶ 17a). Petitioner has failed to successfully allege an ineffective assistance of counsel claim on this basis.

### E. Failure to Object to Inclusion of Loss Investigation in Loss Amount

Petitioner alleges that her counsel was ineffective for failing to object at sentencing to the inclusion of the money spent for investigating her fraud in the total loss amount. (Mot. to Vac. p. 9).

The Court notes that Petitioner's counsel did raise this precise objection in the brief filed in response to the Government's Motion for an Upward Departure. (Brief in Opp. to Govt's Mot. Upward. Dep. p. 4). Consequently, this Court concludes that Petitioner's counsel was not ineffective for failing to raise this argument.

### F. Failure to Request Complete Documents

Petitioner makes the broad assertion that her attorney did not request the complete documentation and evidence detailing how the loss figure was calculated. (Mot. to Vac. p. 9). Petitioner does not specify what documents were not requested. Petitioner's counsel sets forth in his affidavit that "I made requests for, and I believe I received, all the supporting documents being used by Probation and the Court." (Scheer Aff. ¶ 17). Petitioner's unsubstantiated claim fails to establish that she received ineffective assistance or that she was prejudiced.

### G. Failure to Present Letters to the Court

Petitioner also alleges that her counsel was ineffective for failing to present various letters from family and friends to the Court at her Sentencing Hearing. (Pet. Mot. to Vac. p. 9).

Petitioner attached the letters to which she is referring to her response to Respondent's Motion for Summary Judgment. The Court has reviewed these letters and concluded that, at a minimum, Petitioner has suffered no prejudice as nothing contained in these letters would have had any impact on the sentence this Court imposed on Petitioner. Indeed, two witnesses provided testimony at the sentencing hearing that was similar to the content of these letters. (Nov. 2002 Sent Hearing Trans. pp. 57-60). Consequently, Petitioner's ineffective assistance of counsel claim on this basis fails.

### H. Failure to Prepare Petitioner to Address Sentencing Court

Petitioner's broad allegation that her counsel failed to provide her adequate counsel with regard to addressing the sentencing court is insufficient to state a claim of ineffective assistance of counsel. Petitioner only addressed the sentencing court on one occasion when she was given an open-ended opportunity to address the Court. Petitioner fails to specify how she was prejudiced.

### I. Failure to Challenge Motion for Upward Departure

Petitioner also alleges that her counsel's failure to "present argument of reports presented to the court by government counsel on 9-25-02 constituted ineffective assistance of counsel." (Mot. to Vac. p. 10). On September 25, 2002, the Government filed a Motion for Upward Departure.

A review of the record reveals that Petitioner's claim is baseless. Petitioner's counsel

vigorously opposed the motion in an opposition brief filed on November 7, 2002, and at sentencing. Petitioner's claim is meritless.

## II. UPWARD DEPARTURE

Petitioner alleges that the district court violated her Fifth Amendment right to a fair trial hearing by its failure to give Petitioner prior notice of grounds of upward departure and in doing so breached her right to defend these matters. Petitioner also alleges that this Court erred in departing upward five levels.

The United States Court of Appeals for the Fourth Circuit specifically denied Petitioner's claim regarding lack of notice with regard to the upward departure and her claim that an upward departure was not warranted. Because issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action, this claim is dismissed. See Boechenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

Petitioner tries to avoid this result by arguing that the Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005), is an intervening change in the governing law so as to allow her to challenge an issue already decided on direct appeal . The Fourth Circuit has ruled that the rule announced in Booker was not a watershed rule warranting retroactive application. United States v. Morris, 429 F.3d 65, 72 (4th Cir.2005)(criminal defendant unable to raise Blakely or Booker claim for the first time in §2255 petition when judgment of conviction became final before the Supreme Court decided Booker). Consequently, Booker is not a change in the law so as to allow a district court to rule on an issue already ruled upon by the court of appeals.

## III. CONFLICT OF INTEREST

Petitioner also alleges that a "conflict of interest [was] present during her entire

preceeding [sic]" because the amount of restitution was calculated by Pierce Harrell & Company (PHA), the court considered PHA a direct victim, and the Court showed favoritism to PHA's attorney. (Mot. to Vac. pp. 13-14).

Petitioner did not raise these issues in her direct appeal. Claims that could have been, but were not, raised on direct review are procedurally defaulted. In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or must demonstrate a miscarriage of justice[4] would result from a refusal to entertain a collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Petitioner does not meet this standard. Petitioner does not argue ineffective assistance of counsel in her conflict of interest claim in her motion to vacate.

Moreover, Petitioner's claims are meritless. Petitioner alleges that PHA should not have been the one to conduct the fraud investigation. In an addendum to the PSR dated January 14, 2002, the Probation Officer stated that the victim loss amounts were based upon information from FBI investigative reports and an independent investigation conducted by Pierce Harrell. The Probation Office further stated that the loss amounts were confirmed by individuals affiliated with the accounts from which Petitioner had embezzled funds. (Addendum to PSR, p. 14). The court therefore did not base the loss amount solely upon the findings of PHA. Moreover,

---

[4] In order to establish a miscarriage of justice a petitioner must establish actual innocence. See Murrey v. Carrier, 477 U.S. at 496. Petitioner makes no argument in support of any claim of actual innocence.

Petitioner has failed to establish that the amount was incorrect or that her sentence would have been any different.

Nor did the Court err in considering PHA a direct victim. The Fourth Circuit upheld this Court's upward departure based upon the reasonably foreseeable substantial non-monetary harm to PHA.

Finally, Petitioner's allegation that submissions by PHA through an attorney that was a former law clerk to the undersigned were given undue credibility is speculative and without any factual foundation. Former law clerks are not prohibited from appearing before the judge for whom they clerked. Petitioner has failed to point to any evidence of impropriety.

## IV. **BLAKELY**

Petitioner also argues that her sentence violated the principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004). Petitioner's conviction and sentence became final on or about July 31, 2003.[5] Because Blakely v. Washington, 124 S. Ct. 2531 (2004) was decided after Petitioner's conviction and sentence became final, in order to impact her sentence these cases would have to be determined to be retroactive on collateral review.[6] The Fourth Circuit, however, recently held that the rule announced in Blakely was not a watershed rule warranting retroactive application. United States v. Morris, 429 F.3d 65, 72 (4th Cir.2005)(criminal defendant unable to raise Blakely or Booker claim for the first time in §2255 petition when

---

[5] Petitioner received a sentence that was less than half of the statutory maximum that she faced.

[6] Petitioner also tries to argue that her counsel was ineffective for failing to anticipate the rulings in Booker and Blakely. Failure to anticipate a change in the law is not ineffective assistance of counsel. See Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995)("an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law.").

judgment of conviction became final before the Supreme Court decided <u>Booker</u>).

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: November 7, 2006

Graham C. Mullen
United States District Judge